UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------X

Courtney Forbes                                **Plaintiff**

-against-

Creditors Financial Group, LLC               **Defendant**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 2a 2010 ★
LONG ISLAND OFFICE

COMPLAINT AND DEMAND FOR JURY TRIAL

Unlawful Debt Collection Practices

TRIAL BY JURY DEMANDED

**CV-10 5427**

SPATT, J.
WALL, M.J.

Plaintiff, by his attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. Plaintiff is suing the Defendant because the Defendant has engaged in a campaign of harassment against the Plaintiff in an attempt to collect an alleged debt from Plaintiff. The Defendant's actions include persistently telephoning the Plaintiff at his place of employment despite repeated notices that Plaintiff is not permitted to receive such calls at work.

2. Defendants are debt collectors who have been sued well over 125 times in Federal Court alone for engaging in abusive and deceptive debt collection.

3. On information and belief, it is the corporate policy of the Defendant to engage in the conduct alleged by the Plaintiff herein.

4. On information and belief, Defendant continues to engage in their illegal tactics because it is cost effective for them to do, notwithstanding the continuing lawsuits against them.

5. Defendants are aware that their actions violate federal law, but they willingly choose to do so.

6. This is an action for damages brought by an individual consumer for Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices; New York General Business law; as well as for violations of common law.

7.   According to 15 U.S.C. 1692:

(a)  There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b)  Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)  Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d)  Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)  It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

8. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337 and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. Section 1367. Injunctive relief is available pursuant to New York state law. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

9. Plaintiff, Courtney Forbes, is natural person residing in Suffolk County, New York.

10. Defendant Creditors Financial Group, LLC (hereinafter "CFG") is a New York LLC engaged in the business of collecting debts in this state, and is authorized to do business in New York State. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

11. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

12. The Defendant alleges that the Plaintiff owes a consumer debt (the debt) for a credit card ("the debt" or "the alleged debt") The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was for the purchase of household and personal products and no part of the alleged debt was incurred for business related items or services.

## IV. FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

14. The Defendant alleges that the Plaintiff owes a consumer credit card debt to Chase Bank.

15. At some point unknown to the Plaintiff, the Defendant alleges to have acquired the right to collect the debt from Plaintiff. Plaintiff has not seen nor is he aware of any documents that establish the Defendant's right to be collecting the alleged debt.

16. On or about August 17, 2010, the Defendant telephoned the Plaintiff at his place of employment.

17. On or about August 17, 2010, the Plaintiff informed the Plaintiff that the Plaintiff was not permitted to receive personal telephone calls at his place of employment.

18. Despite being informed that the Plaintiff could not speak to the Defendant while the Plaintiff was at work, on August 17, 2010, the Defendant continued to engage the Plaintiff in discussion in an attempt to the collect the alleged debt. While reviewing the Plaintiff's credit report, the Defendant informed the Plaintiff that since he was making payments to other credit cards, he must have money available to pay the alleged debt to the Defendant. The Plaintiff again informed the Plaintiff that he could not speak while at work.

19. On or about August 26, 2010, despite the Plaintiff's direction not to contact the Plaintiff at his place of employment, the Defendant telephoned the Plaintiff at his place of employment.

20. On or about August 30, 2010, despite the Plaintiff's direction not to contact the Plaintiff at his place of employment, the Defendant telephoned the Plaintiff at his place of employment.

21. On or about August 31, 2010, despite the Plaintiff's direction not to contact the Plaintiff at his place of employment, the Defendant telephoned the Plaintiff at his place of employment.

22. On or about November 2, 2010, despite the Plaintiff's direction not to contact the Plaintiff at his place of employment, the Defendant telephoned the Plaintiff at his place of employment.

23. On or about November 2, 2010, the Defendant again telephoned the Plaintiff at his place of employment. The Plaintiff again informed the Plaintiff that he could not receive such calls at his place of employment. The Defendant informed the Plaintiff that despite his directions the Defendant was going to continue to call the Plaintiff at his place of employment unless the Plaintiff submitted a written request to the Defendant.

24. The Defendant has been sued in Federal Court approximately 125 times for violations of the Fair Debt Collection Practices Act. (15 USC 1692 et seq).

25. On information and belief, the owners and management of Defendant are aware of the federal lawsuits that have been filed against Defendant.

26. On information and belief, the owners and management of Defendant have not taken the necessary actions to prevent continued debt collection abuse

## V.  CAUSES OF ACTION UNDER THE FDCPA

27. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

28. Defendant actions and omissions constitute violations of the FDCPA including but not limited to the following:

   a. Defendants violated 15 U.S.C Section 1692d

   b. Defendants violated 15 U.S.C Section 1692d(5)

   c. Defendants violated 15 U.S.C Section 1692e

   d. Defendants violated 15 U.S.C Section 1692e(5)

   e. Defendants violated 15 U.S.C Section 1692e(10)

   f. Defendants violated 15 U.S.C Section 1692c(a)(1)

   g. Defendants violated 15 U.S.C Section 1692c(a)(3)

## VI. CAUSES OF ACTION FOR NEGLIGENT DEBT COLLECTION AND GROSSLY NEGLIGENT DEBT COLLECTION

29. Plaintiffs repeat and re-allege and incorporate by reference the foregoing paragraphs.

30. Defendants were aware that it is illegal under New York State and Federal Law to communicate with plaintiff at his place of employment after being instructed not to do so. Plaintiff relied upon the protection afforded him under New York and Federal Law. It was foreseeable that Defendants' continuation of their illegal conduct would cause damage to the Plaintiff. Defendants owed the Plaintiffs a duty and special duty of reasonable care in the manner in which they attempted to collect the alleged debt.

31. Defendants' actions as described herein constitute a crime under the New York General Business Law Article 29H. Defendants owed Plaintiff a duty and a special duty to abide by the criminal statutory proscriptions of New York law.

32. Defendants actions and omissions as described herein constitute negligence in that Defendants owed Plaintiff a duty and a special duty of reasonable care in the collection of the alleged debt, said duties were breached, and said breaches were the proximate cause of damages suffered by Plaintiff.

33. Defendants' actions and omissions as described herein constitute gross negligence in that Defendants owed Plaintiffs a duty and a special duty of reasonable care in the collection of the alleged debt, said duties were breached, said breaches were the proximate cause of damages suffered by Plaintiffs, and Defendants' actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiffs. Defendants' actions were willful, malicious, and wanton. Defendants' actions were highly unreasonable and demonstrate an extreme departure from ordinary care.

34. Plaintiff have been damaged emotionally by the Defendants' illegal and criminal conduct as alleged herein.

35. The Defendant has been sued in Federal Court approximately 150 times for violations of the Fair Debt Collection Practices Act. (15 USC 1692 et seq). On information and belief, the owners and management of Defendant are aware of the federal lawsuits that have been filed against Defendant. On information and belief, the owners and management of Defendant have not taken the necessary actions to prevent continued debt collection abuse.

36. Plaintiffs are entitled to punitive damages for the actions and omissions of the Defendants as described herein.

## VII. CAUSES OF ACTION FOR NEGLIGENT AND GROSS NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION

37. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

38. The Defendant does not properly train or supervise the employees that they use to collect alleged debts. It is the policy of the Defendants to engage in actions consistent with the Defendant's actions described herein. Defendants engage in such illegal and abusive debt collection tactics to make money. Defendants hire and retain employees with a complete disregard of their ability or propensity to abide by federal and state debt collection laws.

39. Defendant was negligent in the hiring, retention, training, and/or supervision of its employees. Defendant's actions and omissions constitute negligence in that Defendant owed Plaintiff a duty and a special duty to hire, retain, train, and/or supervise its employees properly, said duties were breached, and said breaches were the proximate

cause of damages suffered by Plaintiff. Defendant's actions as herein described clearly indicate that the Defendant is either hiring, training, retaining, and/or supervising their employees in a manner that permits and/or encourages said employees to use illegal methods to attempt to collect a debt.

40. The actions and omissions of Defendant as described herein constitute grossly negligent hiring, retention, training, and/or supervision in that Defendant owed Plaintiff a duty and a special duty to hire, retain, train, and/or supervise its employees properly, said duties were breached, said breaches were the proximate cause of damages suffered by Plaintiff, and Defendant's actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiff. The actions of Defendant were willful, malicious, and wanton. The actions of Defendant were highly unreasonable and demonstrate an extreme departure from ordinary care.

41. Plaintiffs have been damaged emotionally by the Defendant's illegal and criminal conduct as alleged herein.

42. The Defendant has been sued in Federal Court approximately 150 times for violations of the Fair Debt Collection Practices Act. (15 USC 1692 et seq). On information and belief, the owners and management of Defendant are aware of the federal lawsuits that have been filed against Defendant. On information and belief, the owners and management of Defendant have not taken the necessary actions to prevent continued debt collection abuse.

43 . Plaintiff is entitled to punitive damages for the actions and omissions of the Defendant as described herein.

44. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendant as described herein.

## VIII. CAUSES OF ACTION FOR NEGLIGENCE PER SE

45. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

46. Defendant's conduct as described herein violated various New York State statutes.

47. Defendant's actions as described herein violated New York General Business Law Article 29H. (NYFDCPA)

48. Plaintiff is within the class of people intended to be protected by New York General Business Law Article 29H. (NYFDCPA)

49. Defendant's actions as described herein violated 15 U.S.C. Section 1692 et seq. (Federal FDCPA)

50. Plaintiff is within the class of people intended to be protected by 15 U.S.C. Section 1692 et seq. (Federal FDCPA)

51. Defendants' violations of the above referenced statutes proximately caused damage to the Plaintiff.

52. Defendants are liable for negligence per se.


**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendants, jointly and severally for the following:

A. An injunction prohibiting the Defendant from contacting the Plaintiff at his place of employment;

B. Actual damages pursuant to the FDCPA, and common law claims;

C. Statutory damages pursuant to the FDCPA;

D. Nominal damages;

E. Costs and reasonable attorney's fees pursuant to the FDCPA;

F. Punitive damages pursuant to the state common law claims;

G. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Joseph Mauro (JM: 8295)
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

_____
Joseph Mauro